# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

United States of America

v.                                                          )
                                                            )  Case No:   3:18-CR-00058-001
Maurice Hancock                                             )
                                                            )  USM No:   90785-020
                                                            )
Date of Original Judgment:          10/26/2022              )
Date of Previous Amended Judgment:  N/A                     )  Jessica Lee
*(Use Date of Last Amended Judgment if Any)*                   *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of    ☐ the defendant   ☐ the Director of the Bureau of Prisons   ☒ the court
under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines,* and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.    ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____85_____ months **is reduced to** _____Time-served_____ .

On April 16, 2019, Hancock entered a guilty plea to Count Nine of a 19-count Indictment, charging him with Distribution of More Than 50 Grams of Methamphetamine. The charge carried a mandatory minimum sentence of 10 years to life imprisonment. The Court determined that the total offense level was 31 with a criminal history category IV, which yielded an advisory sentencing range of 151-188 months. The government filed a Motion for Sentence Reduction pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). On October 20, 2022, Hancock was sentenced to 85 months custody, four years supervised release and the $100 mandatory assessment. The sentence was ordered to be served consecutively to any imprisonment imposed in Barrow County, GA Superior Court Case 18_CR-763-X, but concurrently with any imprisonment imposed in Barrow County, GA Superior Court. The sentence imposed represented a departure of approximately 44% from the bottom of the sentencing range. The subtotal criminal history score in the presentence report was determined to be six. He received an additional two points for being under a criminal justice sentence when he committed the instant offense, resulting in a total criminal history score of eight, which yields a criminal history category IV. Based on retroactive Amendment 82 to the *United States Sentencing Guidelines,* defendants with a subtotal criminal history score of less than seven receive no additional criminal history points for being under a criminal justice sentence when they committed the instant offense. If the Court grants him relief, his criminal history score would be six, which yields a criminal history category III. A total offense level 31 with criminal history category III, yields an advisory sentencing range of 135-168 months. If the Court further imposed a sentence approximately 44% below the bottom of the applicable range, his sentence would be 76 months. The government agrees with the assessment and recommends he receive the maximum benefit of the amendment. Hancock is scheduled to release from custody on June 8, 2024. The sentence is reduced to time-served, effective February 1, 2024.

Except as otherwise provided, all provisions of the judgment dated _____10/26/2022_____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date:   16 Jan. 2024

_____
*Judge's signature*

Effective Date:   02/01/2024                        C. Ashley Royal, Senior U.S. District Judge
            *(if different from order date)*                   *Printed name and title*